**UNITED STATES of America, Plaintiff,**

v.

**WESTERN ELECTRIC COMPANY, INC., et al., Defendants.**

**Civ. A. No. 82–0192 (HHG).**

United States District Court, District of Columbia.

Sept. 18, 1991.

MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

On July 25, 1991 this Court ordered the removal of the information services restriction contained in the consent decree. The Court simultaneously stayed the effect of the order pending appellate review. Subsequently, the Regional Companies (including Ameritech) moved that this Court vacate the stay in its entirety so as to allow the companies to enter the information services

---

14

market immediately. The Court denied the motion on August 9, 1991. Ameritech now moves that the stay be partially vacated so as to permit Ameritech to provide cellular and paging services that are now provided by CyberTel, a company that Ameritech expects to acquire shortly.[1] The Court has considered the motion of Ameritech, as well as the memoranda filed by various parties supporting and opposing the motion. For the reasons set forth below, the motion will be denied.

■ As this Court observed in its order denying vacation of the stay, in determining whether to grant a stay a court must consider four factors: (1) whether those opposing the stay will be significantly injured if it is granted; (2) whether those in favor of the stay will be irreparably harmed if the stay is denied or vacated; (3) whether the public interest favors the grant of the stay; and (4) whether there is a substantial likelihood that those favoring the stay will prevail on the merits on appeal. *Cuomo v. United States Nuclear Regulatory Commission*, 772 F.2d 972, 974 (D.C.Cir.1985); *Wisconsin Gas Co. v. F.E.R.C.*, 758 F.2d 669, 673–74 (D.C.Cir. 1985); *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 84 (D.C.Cir.1977).

■ First, Ameritech argues that there will be serious harm to it, to CyberTel, and to the public if the stay is not lifted in this instance because CyberTel currently provides cellular and paging services that would have to be discontinued upon acquisition by Ameritech under the terms of the stay. This, it is said, would also affect the customers of CyberTel's services.

This argument puts the cart before the horse. The harms proffered by Ameritech derive from Ameritech's business decision to acquire CyberTel, a decision that does not differ in concept from many business decisions that those subject to the decree in this case might or might not be able to make under the terms of that decree. The

stay simply preserves the status quo as it has existed ever since the effective date of the decree in 1984, when, contemporaneously with recognition of the existence of Ameritech and the other Regional Companies, entry to the information services field was restricted.

Further, Ameritech agreed to purchase CyberTel in May, yet the company has not pursued the waiver process and did not petition this Court for partial vacation of the stay until the end of August. This leads the Court to question the actual severity of the prospective harms claimed by the movant. Finally, there are other avenues open to Ameritech. If Ameritech wishes to pursue the CyberTel transaction, it may initiate the normal waiver process at the Department of Justice.

Second, Ameritech asserts that because the services are already being provided by CyberTel, there will be no injury to those favoring the stay. Ameritech argues that only the ownership of CyberTel will change. This argument is much too facile, because if it were to be credited it would legalize any acquisition by an antitrust violator under decree restriction of a company not under such restriction. Moreover, Ameritech's entry into the field through acquisition of CyberTel is more than a modest reorganization. A partial vacation in favor of Ameritech in this instance would necessarily lead the Court down the path to reconsideration of the stay in many instances. For example, Southwestern Bell supports the partial lifting of the stay in favor of Ameritech on the condition that the stay be partially lifted with respect to Southwestern Bell's cellular and paging affiliates that compete with CyberTel. Thus, partial vacation of the stay would put the case in precisely the posture this Court sought to avoid by imposing a stay at the outset.

A piece-meal erosion of the stay poses the same harm that the Court identified in its discussion of this issue in its Memorandum and Order of August 9, 1991. Similarly, the public interest would be injured by partial vacation of the stay.

---

1. CyberTel provides cellular communications service in the St. Louis (Missouri) Metropolitan Service Area and rural service in Missouri, as well as paging services in St. Louis, Minneapolis

and southern Illinois. The specific services provided by CyberTel at issue are operator-assisted alphanumeric paging, synthesized voice paging retrieval, and other paging information services.

Finally, the likelihood that those favoring the stay will prevail on the merits is no different now than it was a month ago. The Court has already considered these issues and there is no need to repeat that discussion here.

For the reasons stated, it is this 17th day of September, 1991

ORDERED that the motion for a partial lifting of the stay be and it is hereby denied.

## ORDER

Upon consideration of the Motion of the United States Telephone Association, for leave to intervene for purposes of participating in any further proceedings and any and all appeals involving the Court's Order filed on July 25, 1991, and good cause having been shown, it is hereby

ORDERED that the Motion of United States Telephone Association for Leave to Intervene is granted.